UNITED STATES DISTRICT COURT
MIDDLE DISTRICT OF FLORIDA
JACKSONVILLE DIVISION

ANTWAUN V. LEE,

Petitioner,

v. Case No. 3:26-cv-1463-JEP-PDB

FLORIDA DEPARTMENT
OF CORRECTIONS, *et al.*,

Respondents.

---

**ORDER**

Petitioner Antwaun V. Lee, an inmate in the Florida penal system, has initiated this case by filing a pro se petition for a writ of habeas corpus under 28 U.S.C. § 2241 (Petition) (Doc. 1). Upon review, the Court finds that nothing in the Petition can be construed as a valid ground for habeas relief.

The purpose of a § 2241 petition is to challenge either pretrial detention or the execution of a sentence. *See Ramos v. Warden, FCI Jesup*, 502 F. App'x 902, 903 (11th Cir. 2012). Petitioner challenges neither pretrial detention nor the execution of his sentence. Rather, he challenges the disposition of his prior civil action in Case No. 3:26-cv-1059-MMH-PDB (M.D. Fla.) (Doc. 1 at 2, 6–8). The proper remedy to challenge the disposition of the civil action is either a post-judgment motion or a direct appeal. *See Federated Dep't Stores, Inc. v. Moitie*, 452 U.S. 394, 398 (1981) ("A judgment merely voidable because based

upon an erroneous view of the law is not open to collateral attack, but can be corrected only by a direct review and not by bringing another action upon the same cause of action." (alteration omitted)).

Since there are no claims in the Petition that warrant habeas relief, the Court will dismiss it. This decision is in accordance with Rule 4 of the Rules Governing § 2254 Cases, which states, "If it plainly appears from the petition and any attached exhibits that the petitioner is not entitled to relief in the district court, the judge must dismiss the petition."[1]

Accordingly, it is hereby **ORDERED**:

1. Petitioner Antwaun V. Lee's Petition for a Writ of Habeas Corpus Under 28 U.S.C. § 2241 (Doc. 1) is **DISMISSED**.

2. The **Clerk** shall enter judgment dismissing this case, terminate any pending motions, and close the file.

3. If Petitioner appeals the dismissal of his Petition, the Court denies a certificate of appealability.[2] Because the Court has determined that a

---

[1] The Rules Governing § 2254 Cases apply to petitions filed under § 2241. *See* Rule 1(b), Rules Governing § 2254 Cases in the United States District Courts.

[2] The Court should issue a certificate of appealability only if the Petitioner makes "a substantial showing of the denial of a constitutional right." 28 U.S.C. § 2253(c)(2). To make this substantial showing, Petitioner "must demonstrate that reasonable jurists would find the district court's assessment of the constitutional claims debatable or wrong," *Tennard v. Dretke*, 542 U.S. 274, 282 (2004) (quoting *Slack v. McDaniel*, 529 U.S. 473, 484 (2000)), or that "the issues presented were 'adequate to deserve encouragement to proceed further.'" *Miller-El v. Cockrell*, 537 U.S. 322, 335–36 (2003) (quoting *Barefoot v. Estelle*, 463 U.S. 880,

certificate of appealability is not warranted, the Clerk shall terminate from the pending motions report any motion to proceed on appeal as a pauper that may be filed in this case. Such termination shall serve as a denial of the motion.

**DONE** and **ORDERED** at Jacksonville, Florida, on October 28, 2026.

JORDAN E. PRATT
UNITED STATES DISTRICT JUDGE

TpaP-3
C:
Antwaun V. Lee

893 n.4 (1983)).